UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiff Eon-Net, L.P.

| | |
|---|---|
| EON-NET, L.P., <br><br> Plaintiff, <br><br> v. <br><br> FLAGSTAR BANCORP, <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Eon-Net, L.P., a limited partnership (hereinafter referred to as "Eon-Net"), demands a jury trial and complains against the defendant as follows:

**THE PARTIES**

1. Eon-Net is a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business at P.O. Box 116, Road Town, Tortola, British Virgin Islands.

2. Upon information and belief, Flagstar Bancorp (hereinafter referred to as "Defendant" or "Flagstar") is a business organized and existing under the laws of the State of Michigan, having a place of business at 51 Corporate Drive, Troy, Michigan 48098.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4.  Upon information and belief, Defendant is doing business and committing infringements in this judicial district and is subject to personal jurisdiction in this judicial district.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## CLAIM FOR PATENT INFRINGEMENT

6.  Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 5 above.

7.  On January 27, 2004, U.S. Patent No. 6,683,697 (hereinafter referred to as "the '697 patent") was duly and legally issued to Eon-Net for an invention entitled "Information Processing Methodology." A copy of the '697 patent is attached to this Complaint as Exhibit 1.

8.  Eon-Net is the owner of all right, title and interest in and to the '697 patent by way of Assignment from Millennium.

## COUNT ONE

9.  Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 8 above.

10. Flagstar has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '697 patent by, among other things, collecting information over the Internet pursuant to a claim of the '697 patent, and deploying for Defendant's own use an application distributed over the Internet in which information is collected and extracted from a customer of Defendant and processed on Defendant's server as defined by the claims of the '697 patent without permission from Eon-Net and will continue to do so unless enjoined by this Court.

11. Plaintiff, Eon-Net, has been damaged by such infringing activities by the Defendant of the '855 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT TWO

12. Plaintiff, Eon-Net, repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 11 above.

13. Flagstar's infringement has been willful and deliberate, justifying the assessment of treble damages pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 35 U.S.C. §285 against that entity.

## PRAYER FOR RELIEF

WHEREFORE, THE Plaintiff, Eon-Net prays for judgment against the Defendant Flagstar on all the counts and for the following relief:

A. Declaration that the Plaintiff is the owner of the '697 patent, and that the Plaintiff has the right to sue and to recover for infringement thereof;

B. Declaration that the '697 patent is valid and enforceable;

C. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed '697 patent;

D. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Eon-Net's '697 patent;

E. An accounting for damages under 35 U.S.C. §284 for infringement of Eon-Net's '697 patent by the Defendant and the award of damages so ascertained to the Plaintiff, Eon-Net, together with interest as provided by law;

EON-NET V. FLAGSTAR

|    |    |    |
|----|----|----|
| 1  | F. | A judgment that the Defendant is a willful infringer and an award of treble damages |
| 2  |    | to the Plaintiff, Eon-Net, pursuant to 35 U.S.C. §284 against the Defendant, Flagstar; |
| 3  | G. | Award of reasonable attorney's fees to the Plaintiff, Eon-Net, pursuant to 35 U.S.C. |
| 4  |    | §285; |
| 5  | H. | Award of Eon-Net's costs and expenses; and |
| 6  | I. | Such other and further relief as this Court may deem proper, just and equitable. |

## DEMAND FOR JURY TRIAL

The Plaintiff, Eon-Net, demands a trial by jury of all issues properly triable by jury in this action.

> By: /s/Jean-Marc Zimmerman  
> Jean-Marc Zimmerman (JZ 7743)  
> Zimmerman, Levi & Korsinsky, LLP  
> 226 St. Paul Street  
> Westfield, NJ 07090  
> Attorneys for Plaintiff Eon-Net, L.P.

Dated: February 4, 2005  
       Westfield, NJ