UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EON-NET, L.P.,<br><br>           Plaintiff,<br><br>   v.<br><br>FLAGSTAR BANCORP, INC.,<br><br>           Defendant. | CASE NO. C05-2129MJP<br><br>ORDER ON SUMMARY JUDGMENT RE: INFRINGEMENT |

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment by Defendant Flagstar Bancorp ("Flagstar") (Dkt. No. 39). The Court has reviewed Flagstar's motion, the opposition by Plaintiff Eon-Net, L.P. ("Eon-Net"), the reply, and the supporting declarations and exhibits submitted by both parties. In addition, the Court considered the patent at issue, U.S. Patent No. 6,683,697 (the "'697 Patent"). Plaintiff Eon-Net, L.P., did not request oral argument, and the Court concludes this matter is suitable for decision without oral argument.

The Court GRANTS Defendant Flagstar's motion for summary judgment. Plaintiff Eon-Net failed to come forward with any facts demonstrating infringement, failed to properly identify products that might infringe its '697 Patent, failed to proffer a reasonable construction for its '697 Patent, and failed to apply its construction to the

ORDER – 1

allegedly infringing products. Because Plaintiff has come forward with no facts or legal analysis that support a claim of infringement, summary judgment is appropriate.

## II. BACKGROUND

Plaintiff Eon-Net alleges that Flagstar infringes the '697 Patent. Am. Complaint ¶ 10. A third corporation, Millennium, L.P. ("Millennium"), assigned the '697 Patent to Eon-Net. Id. ¶ 8. The '697 Patent describes and claims an interface between "hard copy" documents and computer applications.[1] See '697 Patent at 4:13-15. The specification describes the extraction of information from hard copy documents by scanning the documents, parsing the extracted information, and formatting the information for use. '697 Patent at 4:25-28, 4:45-49, 4:53-5:56 (Description of Figure 1). The invention of the '697 Patent permits quick and automatic extraction of information from hard copy documents, such as invoices or receipts.

Flagstar operates banking centers throughout the country. Declaration of Melissa J. Baily in Support of Flagstar Bancorp's Motion for Summary Judgment ("Baily Decl.") ¶ 2. Flagstar also operates a website at www.flagstar.com. Id. Flagstar's website provides customers with online access and services related to its "e-mortgage" and banking business. Affidavit of Jason B. Dufner in Support of Flagstar Bancorp's Motion for Summary Judgment ("Dufner Aff.") ¶ 3. Potential borrowers may submit loan applications and related information and obtain updates on loan approval. Id. Users may also obtain information on established loan accounts through Flagstar's website. Id. Plaintiff alleges that Flagstar infringes the '697 Patent by:

> [C]ollecting information over the Internet pursuant to a claim of the '697 patent, and deploying for Defendant's own use an application distributed over the Internet

---

[1] The '697 Patent does not provide a definition for a "hard copy" document. One current dictionary defines "hard copy" as a "printed copy, especially of the output of a computer or word processor," which is consistent with the usage in the patent. See American Heritage Dictionary of the English Language (4th Ed. 2000).

ORDER – 2

> in which information is collected and extracted from a customer of Defendant and processed on Defendant's server . . .

Am. Compl. ¶ 10. Plaintiff's Complaint is virtually identical to two complaints in cases previously before this Court, Eon-Net, L.P. v. CoolAnimalStuff.com, No. C05-1844MJP, and Eon-Net, L.P. v. Drugstore.com inc., No. C05-2114MJP. The Complaint is also virtually identical to at least thirteen other complaints filed against parties with greatly disparate business operations.[2] The complaints all allege the defendants infringe by:

> collecting information over the Internet pursuant to a claim of the '697 patent, and deploying for Defendant's own use an application distributed over the Internet in which information is collected and extracted from a customer of Defendant and processed on Defendant's server . . .

See, e.g., Second Baily Decl., Ex. C at ¶ 10 (Black Hound Compl.). It appears that the only difference between the complaints is the name of the defendant.

In this case, as in its other infringement actions, Eon-Net followed service of the complaint with a cheap offer of settlement. See, e.g., Second Baily Decl., Ex. B. Eon-Net offers settlement for a fraction of the cost of litigation, with a settlement schedule based on a defendant's annual sales: $25,000 for sales less than $3,000,000, $50,000 for sales between $3,000,000 and $20,000,000, and $75,000 for sales between $20,000,000 and $100,000,000. Id. Flagstar urges that the identical complaints and cheap settlement offers demonstrate bad faith. Flagstar's counsel characterizes the litigation as a "bad faith shakedown suit." See Declaration of Jean-Marc Zimmerman in Support of Eon-Net's Opposition to Motion for Rule 11 Sanctions ("Zimmerman Decl."), Ex. 40.

Flagstar reviewed its web operations in light of the infringement suit to identify products, software, or technologies that might infringe the '697 Patent. See Declaration

---

[2] Other parties sued by Eon-Net include Black Hound New York, Homecenter.com, BabyAge, Inc., Beach Camera, Inc., ING Bank, Random House, Inc., RedEnvelope, Inc., Sawhorse Enterprises, Inc., SomethingSexyPlanet.com, A18 Corporation, Linens 'N' Things, Inc., Brother International Corporation, Edmunds Optics, Inc., and Sommers Plastic Products, Co. Inc. See Declaration of Melissa J. Baily in Support of Flagstar Bancorp's Motion for Rule 11 Sanctions ("Second Baily Decl."), Exs. C-Q.

ORDER – 3

of Jason B. Dufner in Support of Flagstar Bancorp's Motion for Rule 11 Sanctions ("Dufner Decl.") ¶ 2.  Flagstar determined that it used potentially related software for document processing, which was sold by Kofax Image Products, Inc. ("Kofax").  Id. ¶¶ 2-3.  Flagstar had purchased Kofax software, including "Ascent Capture" and "Ascent Payables" (the "Kofax software"), which Flagstar used in its e-mortgage business.  See Dufner Aff. ¶¶ 4, 7, Ex. 1 (Software License Agreement).

Flagstar contacted Kofax about the software products it had purchased, and told Kofax of the infringement lawsuit.  Baily Decl. ¶ 6.  Kofax's attorney informed Flagstar that Kofax had a license to the '697 Patent and that its customers were covered by the license.  Baily Decl., Ex. 5 (Settlement & License Agreement between Kofax and Millennium).  The license agreement grants Kofax and its customers a non-exclusive irrevocable license for the '697 Patent, and binds Millenium's assigns and related corporate entities.  Id., Ex. 5 ¶¶ 2.1.1, 8.2.  Flagstar then subpoenaed the license agreement from Kofax.  Eon-Net instructed Kofax not to comply with the subpoena, claiming it would seek a protective order.  Baily Decl., Ex. 7 (email from Eon-Net to Kofax).  Eon-Net later threatened Kofax with a lawsuit for complying with the subpoena and producing the license agreement.  Id., Ex. 9.

After Eon-Net filed suit, Flagstar informally assisted Eon-Net with a post-filing investigation of its web operations in an attempt to convince Eon-Net that it was not infringing and was licensed; it answered questions about software functionality for nearly a year.  E.g., Zimmerman Decl., Ex. 31.  Over a year after filing the Complaint, Eon-Net now agrees that the Kofax software does not infringe.  See Zimmerman Decl., Ex. 39 (April 21, 2006 Zimmerman Letter).  However, faced with a motion for summary judgment and Rule 11 sanctions, Eon-Net changes course and presents the Court (for the first time) with new infringement contentions.  Eon-Net now identifies other allegedly infringing software from Digital Insight, which is used by Flagstar.  See Second

ORDER – 4

Zimmerman Decl. ¶ 5. Counsel's carefully worded declaration notes that Eon-Net's investigation "to date" has uncovered evidence of infringement through the use of Digital Insight software. Id. Eon-Net does not claim that it identified the Digital Insight software before bringing suit.

## II.  ANALYSIS

In examining a motion for summary judgment, the Court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

### 1.  The Parties Agree that Flagstar Does Not Infringe the '697 Patent by Using Kofax Software.

Flagstar asks the Court to grant summary judgment that it is not liable for infringing the '697 Patent. Flagstar bases its motion on two undisputed facts. First, Flagstar uses licensed Kofax software to collect, manage, and process electronic and hard copy documents collected through its website. See Dufner Aff. ¶¶ 4, 7. Second, the license agreement between Kofax and Millenium covers use of Kofax software products by customers, including Flagstar, and is binding on Millenium's assigns. Baily Decl., Ex. 5.

ORDER – 5

Eon-Net claims that the license agreement should have remained secret, but concedes that Kofax software is covered by the license agreement. Pl.'s Opp. to S.J. at 1 n.1 ("Kofax customers are also licensed under the '697 Patent to the extent they use Kofax products to perform activities covered by the claims of the '697 Patent"). Eon-Net recently offered to dismiss the Complaint if Flagstar could show it used only Kofax software for online banking functions. See Zimmerman Decl. ¶ 31. It is undisputed that Flagstar's "hard copy" document image processing is performed by Kofax software licensed under the '697 Patent. Flagstar is therefore entitled to summary judgment that its image and document processing operations do not infringe the '697 Patent.

The Defendant has met its burden, having shown that no disputed issues of material fact exist for trial with regard to Kofax software. Plaintiff urges the Court to find that Flagstar's use of *other* software creates a genuine issue of fact for trial.

### 2. Eon-Net Fails to Demonstrate that Flagstar's Use of Digital Insight Software Creates a Genuine Issue of Material Fact for Trial.

The Complaint does not claim that any particular product infringes. See Am. Compl. ¶ 10. Flagstar assumed that the claim of infringement related to "hard copy" documents. Eon-Net sees a broader scope for the '697 Patent:

> Millenium L.P. is the owner of five predecessor patents to the '697 Patent. The Millenium patent claims are primarily directed to information extracted from scanned hard copy documents, *while the '697 Patent additionally covers extracting information from electronic files and documents that do not originate from a scanned hard copy document*.

Pls. Opp. to S.J. at 1 n.1 (emphasis added). Eon-Net believes the '697 Patent covers the extraction of information from *any* web-based form; it contends that Flagstar infringes the '697 Patent by operating online banking web pages.

Eon-Net alleges that Flagstar uses Digital Insight software, which extracts information from a web-based form and infringes the '697 Patent. See Second Zimmerman Decl., Ex. 2. Eon-Net's counsel reached this conclusion based on its investigation of Flagstar's website. See id. ¶ 5. Counsel concluded that Flagstar

ORDER – 6

infringes the '697 Patent because "at the desired web page, the customer enters the requested information into a form element included in the web page." Id. Counsel did not obtain copies of the allegedly infringing software, was unable to determine how the web page worked, and did not evaluate the code; nevertheless, he concluded that the "website" infringed. Zimmerman Decl. ¶ 10.

Eon-Net has not met its burden of showing that a genuine issue of fact exists for trial, and has failed to present any facts demonstrating infringement. The Court presumes for purposes of this motion that Flagstar uses Digital Insight software; it also presumes that the software uses web-based forms. These two facts, however, do not support Eon-Net's infringement contentions. Conclusory allegations of infringement are insufficient to move beyond summary judgment. Similarly, allegations that a person uses a product does not mean the product infringes a patent.

### a. Eon-Net presents no facts to support its claim that the '697 Patent covers online banking services on the Flagstar website.

Eon-Net claims that Flagstar uses software that infringes the '697 Patent. However, the fact that Flagstar uses particular software to provide online banking functions to its customers does not create a genuine issue of fact for trial. In order to create a genuine issue of material fact, Eon-Net must identify some evidence that the software infringes the '697 Patent. In this case, Eon-Net offers only a bare, conclusory allegation that the claims "cover[] the extraction of information from any type of form, including form elements used by the Flagstar Website to receive information from Flagstar customers in order to provide various online banking services." See Pl.'s Opp. to S.J. at 10.

Plaintiff presents no substantive evidence or argument to support its position. It does not explain how a patent that describes hard copy document processing could reasonably be construed to apply to all web-based forms, and it presents no analysis of the individual claims and their elements. Although it concludes that limiting the '697

ORDER – 7

Patent to "hard copy documents" is improper, it never attempts to explain or justify this position.    Flagstar has successfully pointed out the lack of admissible evidence supporting a claim of infringement; as the party opposing such a claim, Eon-Net has the burden to come forward with some evidence in support of its claims. See Intel, 952 F.2d at 1558. Eon-Net has done nothing more than identify products it believes might infringe; however, it is insufficient to merely identify a product and claim that it infringes. It is also insufficient to identify a patent and apparently unrelated software products, and allege infringement with conclusory allegations. Plaintiff failed to perform claim construction for the relevant claims of the '697 Patent, and failed to apply properly construed claims to the allegedly infringing software products used by the Defendant. Plaintiff has not shown that any genuine issues of fact remain for trial, and has not sought a continuance pursuant to Rule 56(f) to conduct additional discovery. Accordingly, the court must conclude that summary judgment is appropriate.

### III. CONCLUSION

The Court GRANTS Flagstar's motion for summary judgment (Dkt. No. 39). Plaintiff Eon-Net has failed to demonstrate *any* facts showing that Defendant Flagstar operates software which infringes the '697 Patent. The Plaintiff has also failed to present any substantive analysis of the '697 Patent's claims, and has failed to apply those claims to the accused products and functionality. The Court can find no facts or law supporting the conclusion that Defendant's software infringes the '697 Patent. Accordingly, summary judgment of non-infringement is appropriate.

ORDER – 8

The Court STRIKES as moot Defendant's motion to stay discovery pending resolution of dispositive motions (Dkt. No. 66), and directs the Clerk to schedule oral argument on Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 (Dkt. No. 42).

Dated this 11th day of August, 2006.

Marsha J. Pechman
United States District Judge

ORDER – 9