1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EON-NET, L.P.,

                 Plaintiff,

     v.

FLAGSTAR BANCORP, INC.,

                 Defendant.

CASE NO. C05-2129MJP

**ORDER ON PLAINTIFF EON-NET'S MOTION FOR RECONSIDERATION RE: SUMMARY JUDGMENT**

      This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 75) of the Court's order on summary judgment (Dkt. No. 73). Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the Court earlier, through reasonable diligence. Plaintiff Eon-Net, L.P. ("Eon-Net") claims the Court erred in granting summary judgment. The Court considers each argument below.

**1.     The Court Properly Granted Flagstar's Motion for Summary Judgment of Non-Infringement.**

      Eon-Net contends that Flagstar sought summary judgment on one issue: license. Eon-Net contends it was denied the opportunity to argue claim construction, claim scope, and infringement. This contention is without merit. Flagstar sought summary judgment

ORDER – 1

"because the undisputed material facts preclude finding Flagstar liable for patent infringement." See Def.'s Mot. for S.J. (Dkt. No. 39) at 6. Flagstar repeatedly argued that it was not liable for infringing the '697 Patent. Id. Flagstar detailed its own internal investigation of products, software, and technologies, and its conclusion that none of its activities conceivably infringed the '697 Patent, with the possible exception of the Kofax software which was licensed. Id. at 3. Flagstar sought summary judgment of non-infringement, arguing that there was no evidence of infringement for any technology not covered by a license agreement.

Eon-Net misunderstood its burden to show a genuine issue of material fact regarding infringement:

> The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, *the opposing party must show that there is a genuine issue of fact.* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). *The opposing party must present significant and probative evidence to support its claim or defense.* Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Aug. 11, 2005 order at 5 (Dkt. # 73) (emphasis added). Flagstar met its burden, demonstrating the absence of any material facts or evidence showing infringement. In response, Eon-Net conceded the issue of license and attempted to identify infringing software. See Pl.'s Opp'n at 2 (identifying "online banking services" and "Digital Insight" software as infringing products). However, it failed to identify facts to support its contention that a product actually infringed. Eon-Net failed to meet its burden as the party opposing summary judgment: it failed to present significant and probative evidence in support of its claim for infringement.

Flagstar moved for summary judgment of non-infringement. Eon-Net responded by pointing out that Flagstar provided online banking services. But that gesture raised no question as to whether Flagstar does anything to infringe the '697 Patent. In reply, Flagstar pointed out the complete absence of any disputed issues of fact with regard to the

ORDER – 2

issues raised by Eon-Net in its opposition.  Eon-Net's conclusory allegations of infringement are insufficient to raise a genuine issue of material fact precluding summary judgment.  See Porter v. Farmers Supply Serv., Inc., 790 F.2d 882, 884-85 (Fed. Cir. 1986).  The Court's grant of summary judgment of non-infringement was proper.

**2.    The Court Did Not Improperly Limit the Scope of the '697 Patent.**

Eon-Net alleges that the Court should have adopted its proffered construction for the '697 Patent.  This argument is without merit.  Eon-Net alleges that because the '697 contains a reference to "computer files from other computer systems" near the end of the specification, the proper construction is extraordinarily broad.  See '697 Patent at 15:26-27.  This reference, however, does not support Eon-Net's proffered construction.  It also does not to cure Eon-Net's failure to demonstrate any genuine issue of material fact regarding infringement.  While the Court briefly considered Eon-Net's unsupported position on the scope of the '697 Patent, summary judgment was appropriate based on its failure to meet its basic obligations in opposition to Flagstar's motion for summary judgment.

**3.    Eon-Net Failed to Provide Any Evidence of Infringing Products or Functionality.**

Eon-Net contends that it did not "change" its position on infringement: it always believed that the form elements on the Flagstar website infringed the '697 Patent.  The Court did not grant summary judgment because Eon-Net changed its position.  A party can change its theory, but it must provide evidence on summary judgment to support its theory.  The Court granted summary judgment because Eon-Net failed to show that any facts supporting its claim that Flagstar infringes the '697 Patent.  Speculation about product function is insufficient.

**4.    Eon-Net Was Unable to Determine How The Flagstar Website Worked.**

Eon-Net's counsel argues that the Court mistakenly concluded that counsel didn't know how the Flagstar website operated.  However, the description of the pre-filing

ORDER – 3

investigation supports no other conclusion.  <u>See</u> Zimmerman Decl. ¶¶ 9-10.  Mr. Zimmerman's description of the Flagstar website contains precious little detail.  The description of "Defendant's use of HTML forms and tags" in the motion for reconsideration is so general that it could likely be applied to any website.  However, regardless of whether Eon-Net's counsel understood how the Flagstar website "worked," its briefing failed to do more than speculate about Flagstar's web operations.  Speculation is insufficient to support a claim for infringement, and insufficient to support its opposition to summary judgment.

> **5.    The Kofax License Does Not Apply to Non-Kofax Software.**

Eon-Net's last argument is that the Court concluded that Kofax customers have a non-exclusive irrevocable license to the '697 Patent, beyond Kofax software.  This is simply incorrect.  The Court did not conclude that the Kofax license extended beyond Kofax products.

**CONCLUSION**

Eon-Net has failed to show manifest error in the Court's prior ruling, and has failed to show new facts or legal authority that were not addressed in the prior motion for summary judgment.  Accordingly, the motion for reconsideration (Dkt. No. 75) is DENIED.

Dated this 27th day of September, 2006.


                              s/Marsha J. Pechman
                              Marsha J. Pechman
                              United States District Judge

ORDER – 4