UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EON-NET, L.P.,

                      Plaintiff,

          v.

FLAGSTAR BANCORP, INC.,

                      Defendant.

CASE NO. C05-2129MJP

**ORDER SETTING
SANCTIONS PURSUANT
TO FED. R. CIV. P. 11**

This matter comes before the Court pursuant to Defendant Flagstar Bancorp's ("Flagstar") Memorandum Establishing Attorneys' Fees and Costs (Dkt. No. 80), filed as directed by this Court's Order on Sanctions Pursuant to Fed. R. Civ. P. 11 (Dkt. No. 79). Defendant Flagstar requests its reasonable attorneys' fees and costs in this litigation in the amount of $141,984.70.

This Court previously found Plaintiff Eon-Net, L.P. ("Eon-Net") and its counsel failed to undertake a reasonable pre-filing investigation of Defendant Flagstar's allegedly infringing software before filing suit for patent infringement. The Court found that Eon-Net and its counsel asserted frivolous claims, failed to identify infringing products or functionality, and failed to compare any product or functionality against the claims of the

ORDER – 1

'697 Patent before filing suit.  The Court concluded that Eon-Net asserted and maintained baseless claims of patent infringement in hopes of a quick settlement in violation of Rule 11, and awarded Defendant Flagstar its reasonable attorneys' fees and costs in this litigation.

To establish Flagstar's attorneys' fees and costs, the Court set a briefing schedule regarding fees and costs.  The Court has now reviewed Flagstar's Memorandum establishing attorneys' fees and costs (Dkt. No. 80), the Opposition filed by Plaintiff Eon-Net (Dkt. No. 84), and Flagstar's Reply (Dkt. No. 85), and the supporting declarations and exhibits submitted by the parties.

## I.  DISCUSSION

### 1.    Monetary Sanctions

The Court's Order on Sanctions Pursuant to Fed. R. Civ. P. 11 (Dkt. No. 79) awarded Defendant Flagstar its "reasonable attorneys' fees and costs expended to date in this litigation."  The Order outlined Eon-Net's indiscriminate failure to comply with Rule 11, and determined that sanctions were appropriate.  The Court also noted Eon-Net's apparent scheme to extort quick settlement from numerous corporations doing business on the internet.  The Court's Order concluded that monetary sanctions, as well as notice to the parties and courts involved, provided an appropriate deterrent for the inappropriate conduct witnessed in this case.  See id. at 17 ("An appropriate sanction is required to deter future bad conduct.").

In opposition to Flagstar's Memorandum establishing attorneys' fees and costs, Eon-Net essentially urges the Court to reconsider its award of monetary sanctions. Eon-Net urges the Court to find that the non-monetary sanctions have deterred Eon-Net and its counsel from "asserting the '697 Patent against web sites that use HTML forms technology."  See Pl.'s Opp'n at 2-3 (Dkt. No. 84).  Eon-Net notes that it is in the process

ORDER – 2

of dismissing "every existing Eon-Net infringement action." Id. On that basis, Eon-Net requests that the Court decline to award monetary sanctions.

The primary purpose of Rule 11 is to "deter repetition of the conduct by the offending person" and to deter "comparable conduct by similarly situated persons." Fed. R. Civ. P. 11 Advisory Committee Notes; View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 987 (Fed. Cir. 2000). The deterrent purpose of the Rule would not be served if the Court allowed a misbehaving party to avoid sanctions, simply by dismissing other similar cases where they failed to perform a reasonable pre-filing inquiry, or to reasonably evaluate the claims of the patent at issue. Indeed, the Plaintiff's approach would transform Rule 11 into the mere threat of sanctions, rather than an actual deterrent to misconduct.

Rule 11 is a "sanction provision to compel appropriate advocacy, not a simple fee shifting rule." See United Services Funds v. Ward, 121 F.R.D. 673, 678 (D. Alaska 1998). The Court cannot agree with Eon-Net's contention that the deterrent purpose of Rule 11 would be served in this case without monetary sanctions. Rule 11 sanctions may not be avoided, after the fact, by taking actions which should have been taken during the 21-day grace period afforded by Rule 11(c)(1)(A). A monetary sanction in this case is appropriate to deter future instances of bad conduct by Eon-Net and its counsel; similarly, monetary sanctions in this case will help to deter future inappropriate conduct by other patent plaintiffs tempted to adopt a similar style of litigation. The purposes of Rule 11 are properly served by an award of monetary sanctions against the Plaintiff in this case.

**2.      Amount of Sanctions**

Defendant Flagstar's Memorandum Establishing Attorneys' Fees and Costs (Dkt. No. 80) sets forth its request for attorneys' fees and costs of $141,984.70. The Memorandum includes great detail as to the efforts of Flagstar's counsel, including 281.25 hours billed by associate Melissa Baily, 48.6 hours billed by partner Jon Steiger, and 3.3 hours billed by partner Charles Verhoeven. See Def.'s Memo. (Dkt. No. 80) at 3.

ORDER – 3

Flagstar also requests attorneys' fees and costs for local counsel: 21.2 hours billed by associate Jofrey McWilliam, and 4.9 hours billed by partner Brad Keller.  <u>See</u> <u>id.</u> at 4.

Eon-Net argues that any attorneys' fees award against it should be limited.  Eon-Net alleges that Flagstar's attorneys billed excessive time at unreasonable rates, provided Eon-Net with inaccurate information regarding its website, and provided the Court with inaccurate information.  Eon-Net also alleges that Flagstar failed to mitigate its damages.  The Court addresses each basis for a reduction in the attorneys' fees award due Flagstar.

### A.    Representations at the Rule 11 Hearing

Before oral argument on September 8, 2006, the Court sent questions by email to the lawyers for the parties.  The questions sought to guide the parties' presentations at oral argument, and the email instructed the parties to address various questions during argument.  A question to Defendant Flagstar inquired as to what attorneys' fees Flagstar was requesting: "What attorney's fees does Flagstar seek as part of its motion for sanctions pursuant to Rule 11?"  Flagstar's counsel, Melissa Baily, responded during oral argument that Flagstar's fees totaled approximately $95,000.

As previously noted, Flagstar now requests attorneys' fees of $141,984.70.  Eon-Net characterizes this difference as a "large discrepancy" and questions the truthfulness of the records submitted by Flagstar's counsel:

> [t]his large discrepancy, therefore, calls into question the veracity of the time records Flagstar now submits to the Court and whether the time records actually reflect work performed by Quinn Emanuel attorneys.

<u>See</u> Pls.' Opp'n (Dkt. No. 84) at 7.  On short notice, Flagstar provided a "ballpark" figure as to its attorneys' fees.  The Court finds no misrepresentation occurred, and finds no basis for questioning the veracity of Flagstar's time records.

### B.    Failure to Mitigate

An award of attorneys' fees pursuant to Rule 11 is limited to expenses and fees reasonably necessary to resist the offending action.  <u>See</u>, <u>e.g.</u>, <u>In re Yagman</u>, 796 F.2d 1165, 1184-85 (9th Cir. 1986).  Eon-Net contends that any award of attorneys' fees to

ORDER – 4

Flagstar must be reduced because Flagstar did not raise its defense to infringement earlier in the litigation.  Eon-Net argues that Flagstar "could have mitigated the fees it incurred by raising the Kofax license issues in May 2005 rather than delay doing so for nine months . . ."  See Pls.' Opp'n (Dkt. No. 84) at 6.  In Reply, Flagstar notes that it tried for months to convince Eon-Net that its suit was baseless.  Flagstar specifically informed Eon-Net that the suit was a bad faith shakedown suit, and that Flagstar would seek Rule 11 sanctions.

Patent litigation is expensive, and usually a time consuming affair.  The Court is not persuaded that Flagstar could have mitigated its costs and legal fees by filing an earlier motion, or by taking some different course.  Rather, the Court finds that Flagstar took a reasonably effective, direct route to summary judgment and its motion for sanctions.  The Court finds that Flagstar did not fail to mitigate its costs and legal fees.[1]

C.     **Time Billed**

Eon-Net argues that Flagstar billed an excessive amount of time in this case.  The measure of a monetary award is one of reasonableness, and is not the amount actually expended.  See In re Yagman, 796 F.2d at 1185.  The Court's own review of the time spent by Flagstar's counsel shows a reasonable amount of time was spent on each task, and time was appropriately allocated between associates and partners.  Eon-Net's attempt to reduce Flagstar's billing rates to a "per page" rate is unavailing.  Flagstar was well-represented, prevailed on nearly every motion it filed, and the Court finds that the amount of time spent by Flagstar's counsel was reasonable.

---

[1] Eon-Net also argues that Flagstar made misstatements with regard to its HTML forms technology and the applicable scope of the Kofax license.  This argument is without merit.  Eon-Net made generalized claims of infringement without identifying the allegedly infringing product or functionality.  Flagstar's defense under the Kofax license was entirely proper, regardless of other software that may have been used in Flagstar's web operations.

ORDER – 5

Eon-Net's argument that Flagstar billed an "excessive" amount for its participation in the Rule 11 hearing before this Court is also without merit.  The Court commends Flagstar for recognizing that a capable associate (with a much lower hourly rate) was equipped to handle all aspects of the oral argument itself, with the assistance of local counsel.[2]

**D.   Hourly Rates**

Eon-Net contends that Flagstar's hourly rates are excessively high.  Eon-Net contends the Court should find an "average market rate for attorneys in the Seattle area of $138.20/hr."  See Pl.'s Opp'n (Dkt. No. 84).  Flagstar's counsel, the Quinn Emanuel firm, charged substantially more than $138.20 per hour in this case.  Mr. Verhoeven's billing rate in this case was $650 per hour.  Mr. Steiger's rate was initially $600 per hour, and increased to $645 per hour in September 2006.  Ms. Baily's billing rate was initially $310 per hour, and increased to $350 per hour in September 2006.  The drafting and research in this case appears to have been appropriately allocated between the partners and the associate, Ms. Baily, who billed the vast majority of time and has the lowest billing rate.

Eon-Net's apparent contention is that the average market rate for "reasonably competent counsel" is $138.20, and that Flagstar should not recover attorneys' fees in excess of that amount.  The federal courts are well aware of the high cost of patent litigation, and this Court must reject Eon-Net's assertion that "reasonably competent" patent litigation counsel may be obtained for $138.20 per hour.  After reviewing the American Intellectual Property Law Association Economic Survey, see Second Baily Decl. (Dkt. No. 85), Ex. 4, the Court concludes that Flagstar's counsel's rates are consistent with rates charged by attorneys in similar cases, both in the Western District of Washington and throughout the United States.  See View Eng'g, 208 F.3d at 987

---

[2] Flagstar's attorneys' fees and costs exclude time billed to others members of a joint defense group; as a result, Flagstar requests less in attorneys' fees than it actually billed to the entire joint defense group.

ORDER – 6

1    (approving district court's lodestar determination based in part on AIPLA economic

2    survey); <u>see also</u> Meiklejohn Decl. at ¶¶ 3-4.

3        The Court also notes several additional factors which justify the hourly rates in

4    this case.  First, this was an infringement action with implications on a national scale.

5    Flagstar was justified in choosing a trial firm based on skill, reputation, and experience.

6    Second, while Flagstar's counsel may have charged a high hourly rate, the work was high

7    quality and Flagstar's counsel was successful at every turn.  Lastly, Eon-Net itself has

8    benefitted from the high cost of the patent lawyers whose fees it now seeks to deny.  The

9    exceedingly high cost of patent litigation provides an infringement defendant facing

10   frivolous, baseless litigation with a strong incentive to settle; such defendants may be

11   willing to pay a "small" settlement to avoid hundreds of thousands, or millions, in legal

12   fees.  It would be unjust to allow the Plaintiff to reimburse Flagstar at $138.20 per hour

13   when scores of other defendants have defended against its baseless lawsuits at market

14   rates (i.e. $300 - $600 per hour).

15       The hourly rates charged by patent litigation counsel may not be acceptable in

16   every case where fees are an issue.  In this case, however, the hourly rates of Mr.

17   Verhoeven and Mr. Steiger are considered together with Ms. Baily's lower hourly rate,

18   the efficient allocation of time between partner and associate, and the overall

19   reasonableness of Flagstar's attorneys' fee request.  Flagstar's hourly rates are not

20   excessively high and the Court declines to reduce those rates in determining Flagstar's

21   reasonable attorneys' fees and costs.  The Court similarly rejects Eon-Net's challenge to

22   various other costs, such as photocopying, which the Court concludes were necessarily

23   and reasonably incurred by Flagstar's counsel in the course of this action.

24

25

26

27

28

ORDER – 7

1

**II.  CONCLUSION**

2      Flagstar is entitled to its reasonable attorneys' fees and costs in the amount of

3 $141,984.70, and the Clerk is directed to enter judgment in that amount.

4

5      IT IS SO ORDERED.

6      Dated this 19th day of December, 2006.

7

8

9                              ___/s/ Marsh J. Pechman_____

10                             MARSHA J. PECHMAN
                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 8