UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EON-NET, L.P.,

    Plaintiff,

v.

FLAGSTAR BANCORP, INC.,

    Defendant.

CASE NO. C05-2129MJP

**ORDER ON PLAINTIFF EON-NET'S MOTION TO STAY THE IMPOSITION OF SANCTIONS PENDING APPEAL**

    This matter comes before the Court on Plaintiff's motion to stay the imposition of sanctions pending appeal. (Dkt. No. 91). Having considered the materials submitted by the parties, the Court DENIES Plaintiff's motion.

    As Defendant notes, Fed. R. Civ. P. 62(d) provides the means for a party to obtain a stay of a monetary judgment pending appeal. Rule 62(d) provides that a party may obtain a stay "by giving a supersedeas bond." Plaintiff suggests that the Court should waive the bond requirement or require that "only a *de minimis* bond be required," asserting that "Plaintiff's counsel is a small law firm of relatively modest financial means" and that "[i]f counsel were required to pay the Judgment, it would be financially ruinous to his firm." (Reply at 2). However, Plaintiff's counsel has offered no evidence to support these conclusory assertions. There is also no evidence that Plaintiff's counsel

ORDER – 1

is unable to afford the expense of posting a bond or has no alternative forms of security that may be offered.

Plaintiff's briefing is devoted in large part to arguing that a stay should be granted under the factors that courts typically consider in deciding whether to stay an injunctive order under Rule 62(c) – e.g., likelihood of success on appeal, whether irreparable harm would result if a stay does not issue, balance of hardships, and where the public interest lies. Even assuming for the sake of argument that these factors may be applicable in an appeal of a monetary judgment, the Court would decline to order a stay. Plaintiff's counsel has not demonstrated a likelihood of success on appeal, nor is there competent evidence that Plaintiff's counsel would be irreparably harmed absent a stay. Finally, Plaintiff's counsel suggests that a stay would serve the public interest by "enabling individual inventors and their counsel – who in this case collectively have limited financial resources – to enforce patents against infringers with comparatively vast financial resources." (Reply at 2). This argument is without merit, particularly in light of the conduct of Plaintiff's counsel that led to the imposition of Rule 11 sanctions in this case.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 18th day of January, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER – 2