1

The Honorable Ricardo S. Martinez

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EON-NET, L.P.,

               Plaintiff,

        v.

FLAGSTAR BANCORP,

               Defendant.

**CASE NO. C05-2129 RSM**

**DECLARATION OF MITCHELL
MEDINA IN SUPPORT OF PLAINTIFF
EON-NET L.P.'S MOTION FOR
RECONSIDERATION OF THE ORDER
ON MOTION FOR FEES AND COSTS**

**NOTE ON MOTION CALENDAR:
JANUARY 18, 2010**

I, Mitchell Medina, do hereby state and declare the following in support of Plaintiff Eon-Net, L.P.'s ("Eon-Net") Motion for Reconsideration of the Court's Order on Motion for Fees and Costs dated January 4, 2010.

1.     After the Court issued its Order on Claim Construction on March 4, 2009 ("Order") and before U.S. Patent No. 7,570,383 ("the '383 patent") issued, Eon-Net submitted the Order to the U.S. Patent and Trademark Office ("PTO") and requested that it be considered before the PTO issue the '383 patent. The PTO considered the Order and issued the '383 patent anyway.

2.     On January 8, 2010, the PTO allowed yet another patent application based on the specification of the Eon-Net patents, the allowed application also having claims, e.g., claim 57,

1

1  directed towards processing information from documents that do not originate from scanned hard
2  copy documents. *See* the Notice of Allowance and certain allowed claims attached hereto as
3  Exhibit 1.

4       3.      I never deliberately threw out a draft specification or any other prosecution-related
5  documents, and any such documents I may have had were inadvertently lost in the course of my
6  moves between the United States, Kenya and Israel. *See* the true and correct copies of pages 63-64
7  from the transcript of the deposition of Mitchell Medina conducted on June 23, 2008 attached
8  hereto as Exhibit 2.

9       4.      *Que's Computer User Dictionary* was cited by Eon-Net because it was intrinsic
10 evidence, having been cited to the PTO by the inventors in 1991 when the common specification
11 was filed.

12

13         I declare under the laws of the United States that the foregoing is true and correct.
14

15

16

17                                                   _____
                                                         Mitchell Medina
18

19 Dated: January /7    , 2010
          Jerusalem, Israel
20

21

22

23

24

25

26

27

28

2

EXHIBIT 1



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

22428          7590          01/08/2010

FOLEY AND LARDNER LLP
SUITE 500
3000 K STREET NW
WASHINGTON, DC 20007

| EXAMINER |  |
|---|---|
| BRINICH, STEPHEN M |  |
| ART UNIT | PAPER NUMBER |
| 2625 |  |

DATE MAILED: 01/08/2010

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/979,264 | 10/31/2007 | Robert Lech | 039953-0116 | 6688 |

TITLE OF INVENTION: INFORMATION PROCESSING METHODOLOGY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 04/08/2010 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

## HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

| If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status: | If the SMALL ENTITY is shown as NO: |
|---|---|
| A. If the status is the same, pay the TOTAL FEE(S) DUE shown above. | A. Pay TOTAL FEE(S) DUE shown above, or |
| B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or | B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above. |

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**   **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
or **Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22428        7590        01/08/2010

FOLEY AND LARDNER LLP
SUITE 500
3000 K STREET NW
WASHINGTON, DC 20007

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

|  |  |
|---|---|
|  | (Depositor's name) |
|  | (Signature) |
|  | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/979,264 | 10/31/2007 | Robert Lech | 039953-0116 | 6688 |

TITLE OF INVENTION: INFORMATION PROCESSING METHODOLOGY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 04/08/2010 |

| EXAMINER | | ART UNIT | CLASS-SUBCLASS | | | |
|---|---|---|---|---|---|---|
| BRINICH, STEPHEN M | | 2625 | 358-001150 | | | |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. _____

2. _____

3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark  Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/979,264 | 10/31/2007 | Robert Lech | 039953-0116 | 6688 |

22428          7590          01/08/2010

FOLEY AND LARDNER LLP
SUITE 500
3000 K STREET NW
WASHINGTON, DC 20007

| EXAMINER |
|---|
| BRINICH, STEPHEN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2625 | |

DATE MAILED: 01/08/2010

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 233 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 233 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified  application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101   or (571)-272-4200.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.

Atty. Dkt. No. 039953-0116

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1.      (Cancelled)

2.      (Previously presented)     An automated digitizing system configurable to route information identified by content instructions in a document file on a computer to a potential plurality of application programs according to customizable transmission format instructions, said transmission format instructions being customized to requirements of each application program receiving said information.

3.      (Previously presented)     A system as claimed in claim 2, in which at least one of said application programs is a digital archiving program.

4.      (Previously presented)     A system as claimed in claim 3, in which said digital archiving program enables storage and retrieval of one or more document files based on information identified by content instructions.

5.      (Previously presented)     A system as claimed in claim 2, in which at least one of said application programs is a billing program.

6.      (Previously presented)     A system as claimed in claim 2, in which at least one of said application programs is a workflow program in which one or more document files are routed to one or more workstations based on information identified by content instructions.

7.      (Previously presented)        A method of processing data on an automated digitizing system configurable to route information identified by content instructions in a document file on a computer to a potential plurality of application programs according to customizable

-2-

Atty. Dkt. No. 039953-0116

53.   (Currently amended)        A computer-readable medium ~~An application program interface~~ as claimed in claim 52 in which at least one of said application programs is a digital archiving program.

54.   (Currently amended)        A computer-readable medium ~~An application program interface~~ as claimed in claim 53 in which said digital archiving program enables storage and retrieval of one or more document files based on information identified by content instructions.

55.   (Currently amended)        A computer-readable medium ~~An application program interface~~ as claimed in claim 52 in which at least one of said application programs is a billing program.

56.   (Currently amended)        A computer-readable medium ~~An application program interface~~ as claimed in claim 52 in which at least one of said application programs is a workflow program in which one or more document files are routed to one or more workstations based on information identified by content instructions.

57.   (New) A system as claimed in claim 2 in which said potential plurality of application programs is an unrestricted diversity of application programs operating on an arbitrary remote computer system and said document file is not derived from scanning a hard copy document.

58.   (New) A method as claimed in claim 7 in which said potential plurality of application programs is an unrestricted diversity of application programs operating on an arbitrary remote computer system and said document file is not derived from scanning a hard copy document.

59.   (New) An application program interface as claimed in claim 12 in which said potential plurality of application programs is an unrestricted diversity of application programs operating on an arbitrary remote computer system and said document file is not derived from scanning a hard copy document.

-10-

EXHIBIT 2

Page 63

1                         MEDINA
2              MS. BAILY:  Can you just let him
3         finish his answer first.
4              MR. ZIMMERMAN:  Sure.
5         A.    Patent 2, the '508 patent, I think
6    those were the only two that were in existence
7    at that time.  I seem to remember that patent 3
8    issued after the lawsuit settled or -- and that
9    the defendant subsequently took a supplementary
10   license under patent 3.  Patent 3 having been --
11   being the '465 patent.
12              At the time of that litigation, the
13   selection of documents was made.  We had more
14   records at that time, but that selection became
15   our selection of what we thought was relevant to
16   the document production requests that were given
17   to us at that time, and nothing else survives.
18              MS. BAILY:  Can I just finish this
19         line of questions and then you can --
20              MR. ZIMMERMAN:  Yeah, sure.
21         Q.    When you say nothing else survives,
22   were the other documents destroyed at that time
23   or was it, as you said you have been moving
24   around and documents were lost?
25         A.    I've been moving around.  I never

1                         MEDINA

2       deliberately took something and threw it in the

3       incinerator.  It just -- but it -- I don't have

4       it anymore and I don't -- it is not buried

5       someplace either.  It just doesn't exist.

6                  MR. ZIMMERMAN:  I want to have a

7           clarification.  Jeffrey Schwab was prior

8           litigation counsel, not prosecution counsel.

9           Jeffrey Schwab's firm did not prosecute.

10                 THE WITNESS:  That's correct.

11                 MR. ZIMMERMAN:  The files, what was

12          transferred to me were documents in

13          connection with the litigation that I

14          assumed and at the end of the litigation, we

15          discarded the documents.  The prosecution

16          files were done by Foley & Lardner.  To the

17          best of my recollection, they have whatever

18          prosecution files they have.

19          A.    I know that Foley & Lardner's document

20      retention process, policy, once a patent issues,

21      they discard everything except, you know, what's

22      in the file history.

23                 MS. BAILY:  Well, since you brought it

24          up, did you contact the Foley & Lardner law

25          firm --