1                                                                                                      The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| Eon-Net, L.P., | CASE NO. C 05-2129 RSM |
|---|---|
| Plaintiff, | **DECLARATION OF MELISSA J. BAILY IN SUPPORT OF FLAGSTAR'S MEMORANDUM REGARDING FEES AND COSTS** |
| v. | |
| Flagstar Bancorp, | |
| Defendant. | |

I, Melissa J. Baily, declare as follows:

1. I am an attorney admitted to practice in the State of California and the State of New York, and I am a member of the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"). I represent Flagstar Bank ("Flagstar") in this action. Except as otherwise stated, I have personal firsthand knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. Quinn Emanuel is lead counsel for Flagstar in this action.

3. Attached hereto as Exhibits 1 through 25 are true and correct copies of Quinn Emanuel invoices paid by Flagstar. The invoices reflect fees and costs incurred in connection with the defense of Eon-Net's patent infringement claims between October 2007 and December 2009. Certain invoices are redacted to conceal information protected by the attorney-client privilege and/or work product doctrine.

4. The costs reflected in the invoices attached as Exhibits 7 and 10 include fees paid to a consulting expert (*see* paragraphs 7-8 below). Excluding those payments, the total fees and costs reflected on the invoices attached as Exhibits 1 through 25 is $382,494.18.

5. In January 2010, Flagstar incurred at least $3,025 in attorneys' fees and expenses, which have not yet been invoiced by Quinn Emanuel.

6. Byrnes & Keller LLP is local counsel for Flagstar in this action.

7. Attached as Exhibits 26 through 31 are true and correct copies of Byrnes & Keller invoices paid by Flagstar. The invoices reflect fees and costs incurred in connection with the defense of Eon-Net's patent infringement claims between October 2007 and December 2009. Certain invoices are redacted to conceal information protected by the attorney-client privilege and/or work product doctrine.

8. The total fees and costs reflected on the invoices attached as Exhibits 26 through 31 is $4,049.16.

9. Flagstar retained a consulting expert, Dr. James A. Fogarty, to assist with the identification of relevant prior art, the preparation of invalidity contentions, and the evaluation of

Eon-Net's infringement contentions. Dr. Fogarty's curriculum vitae is attached hereto as Exhibit 32.

10. Attached hereto as Exhibits 33 and 34 are true and correct copies of Dr. Fogarty's invoices, which were paid by Flagstar. Certain contact information for Dr. Fogarty was redacted from these invoices.

11. Flagstar retained a testifying expert, Dr. Kenneth Zeger, to assist with the analysis of the patents at issue in this case and to provide expert testimony regarding claim construction issues. Dr. Zeger's curriculum vitae is attached hereto as Exhibit 35.

12. Attached hereto as Exhibits 36 through 39 are true and correct copies of Dr. Zeger's invoices, which were paid by Flagstar. Certain contact information for Dr. Zeger was redacted from these invoices.

13. The total fees and costs reflected on the invoices attached as Exhibits 33, 34, and through 36 through 39 is $102,607.14.

14. All invoices attached hereto have been reviewed and edited.

15. The fees and costs incurred by Flagstar since this case was remanded by the Federal Circuit in October 2007 total $492,175.48. All fees and costs charged are reasonable. Especially in light of the minimal settlement offer by Eon-Net, significant measures were undertaken to minimize costs and fees.

16. On April 2, 2008, Flagstar served its invalidity contentions addressing the 92 patent claims (from three patents) asserted by Eon-Net in this case. Those contentions included 391 pages of charts comparing the elements of each claim to prior art references. The contentions cited 28 prior art references.

17. Attached hereto as Exhibit 40 is a true and correct copy of pages I-128 and I-129 of the American Intellectual Property Law Association's Report of the Economic Survey (2009).

///
///
///

1  I declare under penalty of perjury that the foregoing is true and correct.
   Executed this 1st day of February, 2010, in San Francisco, California.

                                                    /s/Melissa J. Baily
                                                    Melissa J. Baily