The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EON-NET, L.P., <br><br>     Plaintiff, <br><br> v. <br><br> FLAGSTAR BANCORP, <br><br>     Defendant. | **CASE NO. C05-2129 RSM** <br><br> **PLAINTIFF EON-NET L.P.'S RESPONSE TO DEFENDANT FLAGSTAR BANCORP'S MEMORANDUM REGARDING FEES AND COSTS** |

## I.  INTRODUCTION

Plaintiff Eon-Net, L.P. ("Eon-Net" or "plaintiff") and its counsel Jean-Marc Zimmerman ("Zimmerman") submit this response in opposition to defendant Flagstar Bancorp's ("Flagstar" or "defendant") Memorandum Regarding Fees and Costs and its application to have undersigned counsel ("Zimmerman") sanctioned under Federal Rule of Civil Procedure 11 ("Rule 11").  In opposition to Flagstar's application for Rule 11 Sanctions, Eon-Net and Zimmerman hereby incorporate by reference Eon-Net's previously filed Response to Flagstar's Motion for Attorneys Fees and Costs (Dkt. #179), and Motion for Reconsideration (Dkt. #189).

In September 2007, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") found that Zimmerman conducted a proper pre-suit investigation of Flagstar's accused web-based operations before filing this action, and also found that the specification of the patents-in-suit ("Eon-Net patents") support Eon-Net's infringement position.  Since then, on three different occasions, the U.S. Patent and Trademark Office ("PTO") has confirmed the non-frivolousness and objective reasonableness of Eon-Net's claim construction of the Eon-Net patents by issuing/allowing three new patents having the same specification as the Eon-Net patents, which three new patents each have claims explicitly directed towards processing information from documents that do not originate form scanned hard copy documents.  Accordingly, Zimmerman did not violate Rule 11, and he should not be sanctioned.

In addition, Flagstar's application for fees and costs should be denied because the fees and costs it seeks to be paid are unreasonable, and because many of the fees and costs it seeks are for services directed to issues that were not yet ripe for presentation to the Court, or indeed, even for preparation for submission to the Court.  In opposition to Flagstar's application for Fees and Costs, Eon-Net and Zimmerman hereby incorporate by reference Eon-Net's previously filed Response to Flagstar's Memorandum Establishing Attorneys' Fees and Costs (Dkt. #84).

## II.  ARGUMENT

**A.  Rule 11 Sanctions Should Not Be Imposed Against Zimmerman Because the Claim Construction Proffered in this Case Was Reasonable and this Case was Filed for a Proper Purpose**

Rule 11 requires an attorney "to conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed.Cir. 2004). A complaint violates Rule 11 <u>only</u> if it is *"both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co.,* 78 F.3d 430, 434 (9th Cir.1996) (quoting *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990)) (emphasis added in *Moore*). In the context of patent infringement actions, Rule 11 requires that "an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma*, 360 F.3d at 1300-1301. "'A good faith, informed comparison of the claims of a patent against the accused subject matter' constitutes a reasonable investigation." *Biomedino, LLC v. Waters Corp.*, 2005 WL 2211374 (W.D. Wash.) (*quoting Q-Pharma*).

Rule 11 sanctions are inappropriate in this case because as the Federal Circuit previously held in September 2007, Zimmerman conducted a proper pre-suit investigation prior to filing this action, and the specification supports the claim construction put forth by Zimmerman that the claim terms "document or file" include electronic documents, i.e. files, not derived from scanned hard copy documents. Specifically, in reversing this Court's erroneous award of Rule 11 Sanctions in October 2006 (Dkt. #79), the Federal Circuit found that:

> 1. Eon-Net's counsel conducted a proper pre-suit investigation "by applying the claims of the '697 patent to the accused device (portions of the Flagstar website) and concluding that there was a reasonable basis for finding of infringement" and that "[t]here is really no dispute that Eon-

> Net's counsel did examine portions of Flagstar's website and, based on his experience, concluded that it worked in a manner that infringed the '697 patent." *Eon-Net v. Flagstar*, 2007-1132, p. 12; and

2. "[t]he specification also supports Eon-Net's infringement position because, although it initially describes a system for extracting information form hard copy documents through a scanner, it further provides that the hardware for inputting data can include 'a keyboard, a light pen, a mouse, a touch screen, a laser scanner, a microphone, a tablet, a disk drive, a magnetic tape drive, and a modem.'" *Id.*, p. 13.

The Federal Circuit thus found that Zimmerman's claim construction that the Eon-Net patents cover processing information not derived from scanned hard copy documents was reasonable and not frivolous.

The objective reasonableness and non-frivolousness of Zimmerman's claim construction was recently affirmed by the PTO not once, not twice, but three times, when the PTO issued two patents and allowed a third patent, each based on the same specification as the Eon-Net patents, each new patent having claims directed to processing information not derived from scanned hard copy documents.  Significantly, the PTO issued and allowed the three new patents, respectively, after reviewing and considering this Court's Order on Claim Construction (Dkt. #187) which Eon-Net's principal Mr. Medina provided to the PTO prior to the issuance of the first of these three new patents.

Even assuming, arguendo, that this Court's claim construction is correct (which is disputed by Eon-Net and Zimmerman), the non-sanctionable objective reasonableness of Zimmerman and Eon-Net's claim construction is confirmed by the Federal Circuit's express finding that the specification of the Eon-Net patents "supports Eon-Net's infringement position" and the PTO's issuance/allowance of three additional patents having the same specification as the Eon-Net patents and having claims directed towards

processing information not derived from scanned hard copy documents.

"Complaints are not filed for an improper purpose if they are non-frivolous." *Intamin, Ltd. v. Magnetar Technologies Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007) (*quoting Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)). A frivolous claim or pleading for Rule 11 purposes is one that is "legally or factually 'baseless' from an objective perspective . . . [and made without] a reasonable and competent inquiry." *Intamin*, 483 F.3d at 1338 (*quoting Q-Pharma*, 360 F.3d at 1299). By finding that Zimmerman "conducted a proper pre-suit investigation" the Federal Circuit determined that Zimmerman conducted a reasonable and competent inquiry. By finding that the "specification also supports Eon-Net's infringement position" and by issuing/allowing three new patents, the Federal Circuit and the PTO, respectively, each found that Eon-Net's claim construction was objectively not baseless and thus not frivolous. Thus, Zimmerman did not violate Rule 11 by bringing this action.

In arguing that Zimmerman be sanctioned, Flagstar has ignored the afore-mentioned language from the Federal Circuit's previous ruling in this case, and has ignored the actions of the PTO in issuing/allowing the three new patents. Rather, Flagstar: 1) has focused on this Court's previous ruling on sanctions that was found by the Federal Circuit to have been erroneous and was reversed; 2) has focused on this Court's recent determination that the claim construction was frivolous, which determination Zimmerman respectfully disputes and will be appealing; and 3) has focused on the purportedly improper, but in reality proper actions of plaintiff and its counsel in seeking to license the patents-in-suit.

Further, in seeking to have Zimmerman sanctioned, Flagstar has misrepresented

various actions and statements in this case that it has attributed to Zimmerman. Flagstar's contention that Zimmerman provided "no evidence" to support Eon-Net's claim construction is not true. Zimmerman provided the same intrinsic evidence, i.e., U.S. Patent 6,683,697 ("the '697 patent"), that it submitted to and that the Federal Circuit relied upon to issue its ruling in 2007. Zimmerman also provided additional intrinsic evidence, i.e., the two other Eon-Net patents; and *Que's Computer User Dictionary* that was considered by the PTO is issuing the Eon-Net patents.

Also contrary to Flagstar's contention, Zimmerman never claimed that the Eon-Net patents "cover virtually all web-based commerce". Rather, Zimmerman indicated that they "cover many online web applications" (Dkt. # 179, p. 10). Also, at the Rule 11 hearing before Judge Pechman, Zimmerman made clear that it was not "the Web as a whole" but only "websites [he] looked at" and brought suit against that he believed were infringing (Dkt. # 77, p. 9).

Since the Federal Circuit previously found support for Eon-Net's claim construction in the specification of the patents-in-suit, since the PTO recently reaffirmed the reasonableness, and the non-frivolousness, and the correctness of this construction by issuing/allowing three new patents having claims directed towards processing information from electronic documents that do not originate from scanned hard copy documents, there is and was nothing improper in Eon-Net filing suit against and seeking to license its patents to Flagstar. Flagstar seeks to punish Zimmerman for assisting Eon-Net implement its business model of licensing the Eon-Net patents for reasonable license fees. However, as the Federal Circuit held, "the mere fact Eon-Net filed identical infringement suits against a variety of companies does not by itself establish an improper

purpose; a company may hold a patent on a widely-used device or process that many different types of companies use, as might be the case here if it is true that Eon-Net holds a valid patent on a process related to online web applications." *Eon-Net v. Flagstar*, 2007-1132, pp. 13-14.  Hence, the fact that plaintiff has licensed or offered to license the patents-in-suit to many parties does not make this suit improper.   In any event, and more importantly, since the claim construction asserted in this case is objectively reasonable and not frivolous, there is no basis for sanctioning Zimmerman under Rule 11.

### B. Flagstar's Request for Attorneys Fees and Costs Should Be Substantially Reduced

Flagstar's request for attorneys fees and costs should be substantially reduced because: 1) Flagstar seeks to recover the fees and costs previously awarded in connection with its frivolous license defense that was the basis for its Rule 56 and Rule 11 Motions in 2006, which award the Federal Circuit found improper; 2) Flagstar seeks to recover fees and costs for services directed towards matters not relevant to claim construction and/or not yet presented to the Court; 3) Flagstar has failed to mitigate its fees;  4) Flagstar's attorneys billed an excessive amount of time in this case; and 5) the hourly rates of Flagstar's attorneys are excessively high.

Flagstar is not entitled to recover its fees and costs awarded in 2006 prior to the first appeal in this case as the Federal Circuit found that award to have been erroneous and improper since 1) Zimmerman conducted a proper pre-suit investigation, and 2) there is support for Eon-Net's infringement claim in the specification of the Eon-Net patents.

After this case was remanded back to this Court, Flagstar successfully moved this Court to limit discovery solely to claim construction (Dkt. #124).  Accordingly, Flagstar is not entitled to any fees or costs for items not directly related to claim construction after the entry of the Court's Order on March 25, 2008 so limiting discovery.  To do otherwise

would be manifestly unfair.  For example, Flagstar should not recover its fees and costs associated with: 1) searching for and analyzing prior art, *see* for example Dkt. # 192, Exhibit 7, entry for April 1, 2008; or 2) preparing non-infringement defenses, *see* for example Dkt. # 192, Exhibit 7, entry for April 11, 2008; or 3) seeking to mount a joint defense, *see* for example Dkt. # 192, Exhibit 8, entry for May 9, 2008.

Similarly, Flagstar should not recover its non-claim construction related fees and costs associated with hiring experts to: 1) search for and analyze prior art; 2) prepare invalidity contentions; and 3) analyze Eon-Net's infringement contentions to prepare non-infringement arguments (Dkt. #192, Exhibits 32-39).

As previously shown in Eon-Net's Response to Flagstar's Memorandum Establishing Attorneys' Fees and Costs (Dkt. #84), Flagstar's counsel has failed to mitigate its fees and costs in this case, as for example in connection with its transfer motion and Eon-Net's Motion for Leave to Amend its original Complaint.

Finally, Flagstar's fees and costs in this case have been excessive and unreasonable.  The hourly rate for Flagstar's principal attorney on this case, Melissa Baily, who graduated from law school in 2001, is $605.00 per hour.  By contrast, the hourly rate for Bradley Keller, who graduated from law school in 1979 and is one of the name partners of the Seattle firm that is Flagstar's local counsel, is $365.00 per hour.  In addition, Flagstar is charging 24¢ per copy, whereas Staples in Seattle charges 8¢ per black and white copy.  *See* Declaration of Jean-Marc Zimmerman in Response to Flagstar's Memorandum Regarding Attorneys' Fees and Costs, ¶2.

Any monetary award to Flagstar should be reduced by the amount of the 2006 sanctions award that was found to have been erroneous, and by the amount of the charges for fees and costs – including experts - not relevant to claim construction. Further, any award should recalculate the fees and costs using hourly billing rates and copy charges that are more reasonable than those charged by Flagstar's principal counsel and her firm.

### III. CONCLUSION

For the foregoing reasons, Zimmerman should not be sanctioned under Rule 11, and the fees and costs that Flagstar seeks should be substantially reduced.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (Pro Hac Vice)
Zimmerman & Levi, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

John W. Hathaway
Law Offices John W. Hathaway, PLLC
4600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
Tel: (206) 624-7100
Fax: (206) 624-9292

Attorneys for Plaintiff Eon-Net, L.P.

Date: February 15, 2010
       Westfield, New Jersey