Jean-Marc Zimmerman (Pro Hac Vice)
Zimmerman & Levi LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

John W. Hathaway
Law Offices John W. Hathaway, PLLC
4600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
Tel: (206) 624-7100
Fax: (206) 624-9292

Attorneys for Plaintiff Eon-Net, L.P

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EON-NET, L.P.,<br><br>                    Plaintiff,<br><br>          v.<br><br>FLAGSTAR BANCORP, INC.,<br><br>                    Defendant. | **CASE NO. C05-2129RSM**<br><br>**PLAINTIFF EON-NET, L.P.'S MOTON PURSUANT TO LOCAL RULE CR 7(d)(2)(A) TO STAY THE IMPOSITION OF SANCTIONS PENDING APPEAL**<br><br>**NOTE ON MOTION CALENDAR: JUNE 11, 2010**<br><br>**ORAL ARGUMENT NOT REQUESTED** |

## I. **PRELIMINARY STATEMENT**

Eon-Net, L.P. ("Eon-Net" or "Plaintiff") submits this Motion pursuant to Local Rule CR 7(d)(2)(A) requesting that the Court stay its May 17, 2010 Supplemental Order on Fees and Costs sanctioning Plaintiff's undersigned counsel in the amount of $631,984.70 ("Monetary Order") pending Plaintiff's appeal of this Court's March 4, 2009 Order on Claim Construction ("*Markman* Order"), this Court's January 4, 2010 Order on Costs and Fees ("Sanctions Order"), and the Monetary Order (hereinafter collectively "the Orders").  A stay is warranted because there is a strong likelihood that the U.S. Court of Appeals for the Federal Circuit ("the Federal Circuit") will reverse all three of the aforementioned Orders, and because a stay will harm Plaintiff's counsel while it will not harm Defendant Flagstar Bancorp, Inc. ("Flagstar" or "Defendant").

## II. **FACTS**

Eon-Net filed this patent infringement action against Flagstar alleging that certain information processing operations of Flagstar's website at www.flagstar.com infringe U.S. Patent Nos. Nos. 6,683,697, 7,075,673 and 7,184,162 (hereinafter collectively "the Patents"), each entitled "Information Processing Methodology.  The Patents each share the same specification.

The Patents cover processing information extracted from documents or files using content instructions, and then transmitting the extracted information to an application program according to customizable transmission format instructions.  The content instructions define specific information to be extracted from a document or file that is required by an application program.  The customizable transmission format instructions format the extracted information to enable it to be received by an application program.

Eon-Net contends that the information processed by the Patents do not have to originate or otherwise be derived from a scanned hard copy document, i.e., an electronic document/file embodiment.  In its *Markman* Order, however, this Court held that the Patents are limited to processing information that originates or is derived from a scanned hard copy document, i.e., a hard

copy document embodiment. Finding that Eon-Net's claim construction was baseless and "overly broad", and finding that Plaintiff and its counsel engaged in offensive litigation tactics, this Court sanctioned Plaintiff and assessed the monetary sanctions against undersigned counsel.

The U.S. Patent and Trademark Office ("PTO"), after considering this Court's *Markman* Order, agreed with Eon-Net's construction three times, by allowing three continuation patents[1] ("the Continuations") on the same specification, and which contain claims explicitly reciting the processing of information that is NOT derived from a scanned hard copy document. This Court was provided with notice of this prior to issuing of its Monetary Order, but deemed the information "irrelevant".[2]

Plaintiff now seeks a stay of the sanctions imposed in the Monetary Order pending Eon-Net's appeal of the Court's three Orders.

### III.   ARGUMENT

In the Ninth Circuit, "[t]he standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.1983). A party may obtain a preliminary injunction by either: (1) showing a probability of success on the merits and the possibility of irreparable injury; or (2) demonstrating that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *Id.* The test is a sliding scale in which the required probability of success on the merits and degree of harm are inversely related. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 913 (9th Cir. 1995). A stay should be granted in this case as there is a strong likelihood that Eon-Net will succeed on the merits of its appeal and Plaintiff's counsel will be irreparably injured in the absence of a stay.

---

[1] U.S Patent Nos. 7,570,383, 7,619,768 and 7,672,007.

**A.     There Is A Strong Likelihood That The Orders Will Be Reversed On Appeal**

In the Ninth Circuit, a frivolous claim or pleading for Rule 11 sanctions purposes is one that is "legally or factually 'baseless' from an objective perspective ⋯ [and made without] a reasonable and competent inquiry." *Q-Pharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed.Cir. 2004) (*citing Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir.2002)). *See also S. Bravo Sys., Inc. v. Containment Techs Corp.*, 96 F.3d 1372, 1375 (Fed. Cir. 1996) ("A 'frivolous' argument or claim is one that is 'both baseless and made without a reasonable and competent inquiry.'"). Plaintiff's claim construction was and is not frivolous.

### 1.     The Patents Are Not limited To Processing Information From Scanned Hard Copy Documents

It is well settled that the language of the claim defines the boundary of its scope. *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1324 (Fed.Cir.2002). In construing patent claims, there is a heavy presumption that the terms carry their ordinary and customary meanings as would be understood by one of ordinary skill in the art. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 986 (Fed.Cir.1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). "The words used in the claim[ ] are interpreted in light of the intrinsic evidence of record, including the written description, the drawings, and the prosecution history, if in evidence." *Teleflex,* 299 F.3d at 1324. The Federal Circuit, however, "has cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification." *Gillette Co. v. Energizer Holdings, Inc.,* 405 F.3d 1367, 1374 (Fed. Cir. 2005).

In this case, the specifications of the Patents do not limit the Patents to a hard copy document embodiment. The specifications of the Patents do not include any words of limitation disclaiming an electronic document/file embodiment. As Eon-Net previously demonstrated in its *Markman* briefs, the specifications of the Patents disclose various ways of inputting information that does not originate or is not otherwise derived from a scanned hard copy document. For

---

[2] Monetary Order at p. 2, line 11.

example, information input from computer files from other computer systems does not necessarily come from a scanned hard copy document. Information input by a mouse cannot come from a scanned hard copy document. Information input by a keyboard does not come from a scanned hard copy document.

Eon-Net is likely to succeed in having this Court's *Markman* Order reversed on appeal because: 1) the specification and prosecution history of the three Patents support Eon-Net' claim construction of an electronic document/file embodiment; 2) the electronic document/file embodiment disallowed and found to be baseless by this Court was never disclaimed by Eon-Net in the specification of the Patents; 3) the Federal Circuit previously found that Eon-Net's counsel conducted a proper pre-suit investigation and that there was support in the specification of the Patents for Eon-Net's claim construction; and 4) despite this Court's conclusion that the specification did not provide support for an electronic document/file embodiment, the PTO issued the three Continuation Patents from the same specification as the Eon-Net Patents, which three patents have a total of 36 claims directed specifically towards processing information in a document or file that is not derived from a scanned hard copy document.

Accordingly, the imposition of monetary sanctions should be stayed pending the appeal.

**2.    This Court's Conclusion That Plaintiff's Engaged
        In Offensive Litigation Tactics Is Erroneous**

This Court's conclusion that Eon-Net and its counsel engaged in offensive litigation tactics is in error and is likely to be reversed on appeal. An examination of these purportedly offensive tactics reveals them to in reality have been proper.

Eon-Net's claim construction is not frivolous and is in fact correct. Thus, its purpose in bringing this suit was proper.

Similarly, Eon-Net's **initial** position that no claims needed to be construed since they have their ordinary and customary meaning to one skilled in the art was proper and is one that patentees often take. In any event, this position did not hinder the claim construction process. The parties

submitted all of the filings required by the District Court, which then rendered a decision in favor of Flagstar.

The draft interrogatory response at issue regarding the requisite level of skill in the art, was a response inadvertently sent to a defendant in another case – not this case. The defendant to whom the draft response was sent never objected to the response. Significantly, Flagstar only learned about the draft response because Appellants produced it in response to discovery requests served by Flagstar.

Finally, this Court's determination that Eon-Net's counsel destroyed written notes made by the inventors is in error. Rather, Eon-Net's counsel discarded a case file at the conclusion of a case that he took over in 2002 from Eon-Net's previous litigation counsel. That case file did not contain any inventor notes. No claim construction-related issues were litigated in that case. Eon-Net's counsel subsequently clarified that he discarded public and other non-essential, e.g., travel-related, documents from the file, but retained the non-public documents such as the license and settlement agreement.

Because Eon-Net's claim construction was not frivolous, and because its litigation tactics were proper, the Sanctions and Monetary Orders are likely to be reversed on appeal. Accordingly, the imposition of monetary sanctions should be stayed pending the appeal.

**B.**     **Plaintiff's Counsel Will Suffer Irreparable Harm Absent A Stay**

Plaintiff's counsel will suffer irreparable harm absent a stay because the monetary award is substantial and Plaintiff's counsel will likely endure financial hardships if the imposition of monetary sanctions is not stayed pending appeal. Flagstar, on the other hand, is a large financial institution that will not endure any injury if the monetary sanctions are stayed pending the appeal. Accordingly, because there is a strong likelihood that the Orders will be reversed on appeal, and because of the injury that Plaintiff's counsel will suffer if he has to pay the monetary sanctions and the lack of injury to Defendant resulting from a stay, the imposition of monetary sanctions should be stayed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion be granted and that the imposition of the monetary sanctions be stayed pending Plaintiff's appeal of the Court's Orders.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (Pro Hac Vice)
Zimmerman & Levi, LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

John W. Hathaway
Law Offices John W. Hathaway, PLLC
4600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
Tel: (206) 624-7100
Fax: (206) 624-9292

Attorneys for Plaintiff

Date: May 27, 2010
  Westfield, NJ 07090