The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Eon-Net, L.P., <br><br> Plaintiff, <br><br> v. <br><br> Flagstar Bancorp, <br><br> Defendant. | CASE NO. C05-2129 RSM <br><br> **DEFENDANT FLAGSTAR BANCORP'S OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO LOCAL RULE CR 7(d)(2)(A) TO STAY THE IMPOSITION OF SANCTIONS PENDING APPEAL** <br><br> NOTE ON MOTION CALENDAR: JUNE 11, 2010 <br><br> ORAL ARGUMENT REQUESTED |

**PRELIMINARY STATEMENT**

On May 17, 2010, this Court reinstated "the Rule 11 sanctions awarded previously, in the amount of $141,984.70." (Dkt. No. 195, at 11.) The Court also awarded Defendant Flagstar Bancorp ("Flagstar") "attorneys' fees and costs in the amount of $489,150.48 for expenses of litigating this case following remand, pursuant to 35 U.S.C. § 285." (Id.) Plaintiff Eon-Net, L.P. ("Eon-Net") now moves to "stay the imposition of sanctions" against Eon-Net's counsel Jean-Marc Zimmerman. (Dkt. No. 196.) Eon-Net's motion should be denied.

As an initial matter, Eon-Net has inaccurately described the relief it is seeking here. What Eon-Net appears to be requesting is not a stay of the "imposition of sanctions"[1] but a stay of the execution or enforcement of the monetary judgment to be entered in Flagstar's favor. Eon-Net cites no federal rules or standards relevant to its request for such relief and offers no valid justification or competent evidence to support a stay. Accordingly, Eon-Net and its counsel should be required to timely satisfy the judgment to be entered by this Court, and Flagstar should remain free to initiate any proceedings necessary to enforce the judgment.

**ARGUMENT**

**I.    Eon-Net's Analysis Is Premised on the Wrong Legal Standard.**

In its pending motion, Eon-Net asserts that "the standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." (Motion at 2 (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).) Eon-Net describes that standard as involving an analysis of "probability of success on the merits and degree of harm." (Id.) But that standard is not applicable here.

---

[1] A judgment "imposing sanctions" and awarding fees must be entered before Eon-Net can even pursue its appeal – thus, from a practical standpoint, the "imposition of sanctions" cannot be stayed.

1   The "test" cited by Eon-Net is employed with respect to motions made pursuant to Federal Rule of Civil Procedure 62(c) ("Injunction Pending Appeal"), which relates to staying enforcement of an interlocutory or final judgment granting, dissolving, or denying an injunction. Indeed, the two cases cited by Eon-Net in its Motion – <u>Lopez v. Heckler</u> and <u>Self-Realization Fellowship Church v. Ananda Church of Self-Realization</u>, 59 F.3d 902 (9th Cir. 1995) – address appeals from orders either granting or dissolving a preliminary injunction. <u>Lopez</u>, 713 F.2d at 1434; <u>Self-Realization</u>, 59 F.3d at 904.

But what Eon-Net seeks to stay here is the enforcement of a monetary judgment. Thus, neither Rule 62(c) nor the related standard cited by Eon-Net applies. Instead, Federal Rules of Civil Procedure 62(a) (providing for an automatic 14-day stay of execution or enforcement) and 62(d) (providing that a further stay of execution may be obtained "by supersedeas bond") govern Eon-Net's request.[2] <u>See</u> <u>Peacock v. Thomas</u>, 516 U.S. 349, 360 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.").

It should be noted that Eon-Net is well aware that its recent Motion cites to the wrong legal standards. When Eon-Net brought a substantially similar motion to stay "imposition" of the Rule 11 sanctions originally ordered by this Court in 2006, Eon-Net

---

[2] Eon-Net has not requested a "stay by supersedeas bond" pursuant to Federal Rule of Civil Procedure 62(d). As described in Part II of this Opposition, any request for such a stay should be denied. Nevertheless, should a stay by supersedeas bond be sought by Eon-Net or considered by this Court, Flagstar requests an opportunity to be heard regarding the adequacy of any such bond, which must be in an amount sufficient to permit satisfaction of the judgment in full, together with costs, interest, and damages for delay. 11 Wright, Miller & Kane, Federal Practice & Procedure § 2905 (2d ed. 1995) ("When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay."); <u>Am. Assoc. of Naturopathic Phys. v. Hayhurst</u>, 227 F.3d 1104, 1109 (9th Cir. 2000) (holding that district court did not abuse its discretion by requiring a $30,000 bond to secure a stay of a $11,900 judgment).

cited the same inapplicable standard (and relied on the same two cases – Lopez and Self-Realization). (Dkt. No. 91, at 4.) In ruling on Eon-Net's previous motion, this Court agreed that "Fed. R. Civ. P. 62(d) provides the means for a party to obtain a stay of a monetary judgment pending appeal" from a district court. (Dkt. No. 100, at 1.) Because Eon-Net knowingly failed to address the rules and standards that apply to its pending request for a stay, Eon-Net's Motion should be denied.

## II.   Eon-Net Offers No Valid Justification for a Stay of Enforcement of the Judgment.

Regardless of the legal standard to be applied, Eon-Net has offered no valid justification for its request to stay the execution or enforcement of the monetary judgment to be entered in this case. Eon-Net has neither demonstrated a likelihood of success on appeal nor offered any evidence to support the notion that Eon-Net or its counsel will be harmed in the absence of a stay.

### A.   Eon-Net Has Not Demonstrated a Likelihood of Success on Appeal.

Eon-Net has not made any credible showing that "there is a strong likelihood that Eon-Net will succeed on the merits of its appeal." (Motion at 2.) Instead, with respect to both the subject of claim construction and the issue of sanctions, Eon-Net only recycles the arguments that this Court has already rejected multiple times.

For example, Eon-Net contends that it "is likely to succeed in having this Court's Markman Order reversed on appeal because . . . the Federal Circuit previously found that Eon-Net's counsel conducted a proper pre-suit investigation and that there was support in the specification of the Patents for Eon-Net's claim construction." (Motion at 4.) But, as this Court has noted at least twice, there is no basis for Eon-Net's interpretation of the Federal Circuit opinion on which it continues to rely. (E.g., Dkt. No. 188, at 20-21 (stating that the Federal Circuit opinion "cannot be read as plaintiff contends it should"); Dkt. No. 195, at 2-5 (stating that "plaintiff has taken these passages [of the Federal Circuit opinion] out of context and misrepresented them as to meaning and significance").)

3

1    As another example, Eon-Net contends that it is "likely to succeed" on appeal
2 because "the specification and prosecution history of the three Patents support Eon-Net'
3 [sic] claim construction of an electronic document/file embodiment." (Motion at 4.) Eon-
4 Net's position in this regard was the subject of extensive briefing and argument, but "Eon-
5 Net's sparse presentation of evidence" revealed that "there was no evidence beyond
6 Dr. Medina's self-serving opinion . . . to support Eon-Net's overly broad interpretation of
7 the claims."  (Dkt. No. 188, at 16.)
8    Eon-Net has not demonstrated that it is likely to succeed with respect to any aspect
9 of its appeal.  Accordingly, Eon-Net's request for a stay should be denied.
10    B.    <u>Eon-Net Has Made No Showing of Irreparable Harm.</u>
11    Eon-Net offers nothing to support its assertion that "Plaintiff's counsel will suffer
12 irreparable harm absent a stay." (Motion at 5.) On this point, Eon-Net states <u>only</u> that:
13 "Plaintiff's counsel will **<u>likely</u>** endure financial hardships if the imposition of monetary
14 sanctions is not stayed pending appeal." (<u>Id.</u> (emphasis added).) Eon-Net offers no
15 declaration or other evidence to support this conclusory statement. (<u>See</u> Dkt. No. 100, at 1
16 (noting Eon-Net's failure to offer evidence to support conclusory assertions regarding
17 supposed harm that would result from satisfying judgment and denying Eon-Net's prior
18 motion to stay imposition of sanctions).) And Eon-Net does not contend that Eon-Net (as
19 opposed to its counsel) will suffer any harm absent a stay.
20    In light of the numerous settlements resulting from the baseless assertion of the
21 patents at issue in this case, it is difficult to imagine that either Eon-Net or its counsel
22 could present any evidence to support the notion that irreparable financial harm will occur
23 absent a stay. Regardless, the wholesale failure to present any evidence on that point
24 requires the denial of Eon-Net's Motion.

4

**CONCLUSION**

For the foregoing reasons, Flagstar respectfully requests that this Court deny Eon-Net's Motion Pursuant to Local Rule CR 7(d)(2)(A) To Stay the Imposition of Sanctions Pending Appeal and direct the Clerk of Court to enter Judgment in favor of Flagstar.

DATED: June 9, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Melissa J. Baily
Charles K. Verhoeven, *pro hac vice*
Melissa J. Baily, *pro hac vice*
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
melissabaily@quinnemanuel.com

Jon Steiger, *pro hac vice*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
jonsteiger@quinnemanuel.com

BYRNES & KELLER LLP
Bradley S. Keller, WSBA #10665
Jofrey M. McWilliam, WSBA #28441
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
bkeller@byrneskeller.com
jmcwilliam@byrneskeller.com