Jean-Marc Zimmerman (Pro Hac Vice)
Zimmerman & Levi LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207


John W. Hathaway
Law Offices John W. Hathaway, PLLC
4600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
Tel: (206) 624-7100
Fax: (206) 624-9292

Attorneys for Plaintiff Eon-Net, L.P

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EON-NET, L.P.,

               Plaintiff,

       v.

FLAGSTAR BANCORP, INC.,

            Defendant.

**CASE NO. C05-2129RSM**

**PLAINTIFF EON-NET, L.P.'S  REPLY IN SUPPORT OF  ITS MOTON PURSUANT TO LOCAL RULE CR 7(d)(2)(A) TO STAY THE IMPOSITION AND ENFORCEMENT/ EXECUTION OF THE MONETARY JUDGMENT PENDING APPEAL**

**NOTE ON MOTION CALENDAR:
JUNE 11, 2010**

**ORAL ARGUMENT NOT REQUESTED**

## I.    <u>PRELIMINARY STATEMENT</u>

Eon-Net, L.P. ("Eon-Net" or "Plaintiff") and undersigned counsel submit this Reply to defendant Flagstar Bancorp, Inc.'s ("Flagstar" or "Defendant") Opposition to Eon-Net's Motion pursuant to Local Rule CR 7(d)(2)(A) to stay the imposition and enforcement/execution of the monetary judgment to be entered in Flagstar's favor.

## II.    <u>ARGUMENT</u>

Contrary to Flagstar's contention, Eon-Net <u>does</u> seek to stay the imposition of sanctions pending the appeal.  However, Eon-Net, also seeks pursuant to Fed R. Civ. P. 62(d) to stay Flagstar's ability to enforce/execute the judgment to be entered, pending the appeal.

The test for staying the imposition of sanctions and for staying the ability to enforce/execute a judgment involve the same analysis. Namely, assess the movant's chances of success on the merits and weigh the equities as they affect the parties and the public. *See E.I. Dupont de Nemours & Co. v. Phillips Petroleum Co* , 835 F.2d 277, 278 (Fed. Cir. 1987).  To prevail, a movant must demonstrate a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harm factors militate in its favor. *See Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Contrary to Flagstar's contention, Eon-Net and undersigned counsel are likely to prevail on the merits of their appeal.  First, the U.S. Patent and Trademark Office ("PTO") reviewed this Court's March 4, 2009 Order on Claim Construction ("*Markman* Order") and then nonetheless issued three patents having explicit claims in accord with Eon-Net and undersigned counsel's claim construction, i.e., processing information that does not originate or is not otherwise derived from scanned hard copy documents.  The fact that the PTO did so, demonstrates that Eon-Net and undersigned counsel's claim construction is not baseless.

1  Likewise, the Federal Circuit explicitly indicated in *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*,

2 2007-1132 that even in the absence of its ruling on a claim construction of the U.S. Patent No.

3 6,683,697, it believed that undersigned counsel conducted a proper pre-suit investigation and that

4 there was support for Eon-Net's infringement position. The fact that the Federal Circuit did so,

5 further demonstrates that Eon-Net and undersigned counsel's claim construction is not baseless.

6

7  Eon-Net's claim construction was proper.  This Court's dislike for Eon-Net, for its principal,

8 for its business model, and for undersigned counsel, should be irrelevant to and does not change the

9 fact that Plaintiff's claim construction was reasonable.  For the reasons set forth in its Motion, Eon-

10 Net and undersigned counsel are likely to prevail on their appeal of the *Markman*, Sanctions and

11 Monetary Orders.

12  Finally, undersigned counsel will be irreparably harmed if he has to try and pay the

13 sanctions prior to a decision on the appeal.  He does not have the funds to pay the sanctions amount

14 or to pay for a bond.  Further, the issuance of the Sanctions and Monetary Orders have already

15 harmed undersigned counsel in that they have interfered with his ability to earn a living.  He has lost

16 business because of them. And they have been cited by adversaries in non-Eon-Net cases to try and

17 harm him and his clients.  *See* Declaration of Jean-Marc Zimmerman, ¶¶2, 3 submitted herewith.

18

19

20

21

22

23

24

25

26

27

28

### III.    CONCLUSION

For the foregoing reasons, this Court's imposition of sanctions and Flagstar's ability to enforce/execute on the judgment to be entered in this case should be stayed pending Plaintiff and undersigned counsel's appeal of the Court's *Markman,* Sanctions and Monetary Orders.

By:/s/Jean-Marc Zimmerman
    Jean-Marc Zimmerman (Pro Hac Vice)
    Zimmerman & Levi, LLP
    226 St. Paul Street
    Westfield, New Jersey 07090
    Tel: (908) 654-8000
    Fax: (908) 654-7207

    John W. Hathaway
    Law Offices John W. Hathaway, PLLC
    4600 Bank of America Tower
    701 Fifth Avenue
    Seattle, WA 98104
    Tel: (206) 624-7100
    Fax: (206) 624-9292

    Attorneys for Plaintiff Eon-Net, L.P.

Date:  June 11, 2010
       Westfield, NJ 07090